IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUAN TENORIO-MELENDEZ,<br><br>　　　　　Defendant. | 8:11CR208<br><br>MEMORANDUM AND ORDER |

This matter is before the court on movant's (hereinafter, defendant's) Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody Pursuant to 28 U.S.C. § 2255, Filing No. 90, and on counsel's motion to withdraw, Filing No. 94. The defendant seeks relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. The ACCA sets a statutory minimum sentence for a felon with three or more prior convictions for a violent felony. 18 U.S.C. § 924(e). The residual clause defines a violent felony as any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has also found "that *Johnson* is retroactive in cases on collateral review[.]" *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

The defendant was charged with and convicted of conspiracy to distribute 50 grams or more methamphetamine (actual). See Filing No. 61, Judgment. The record reflects that the defendant's sentence was not enhanced under the ACCA, nor did he

receive a career offender enhancement under the United States Sentencing Guidelines, U.S.S.G. § 4B1.1. Filing No. 59, Presentence Investigation Report (sealed) at 7-8. His sentence was based on a plea agreement and drug quantity. *See id.* at 5,7. Therefore, the *Johnson* decision is inapplicable and the defendant's claim fails. The court finds it appears plainly from the face of the motion and the record that the defendant is not entitled to relief, and his motion is subject to dismissal under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Counsel has shown that there are no non-frivolous claims for relief under *Johnson* and the court finds counsel should be allowed to withdraw. Further, there appears to be no need for a hearing and the hearing previously scheduled herein will be cancelled.

The defendant must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Moreover, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The court finds the defendant's motion does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P.

22(b). Accordingly, no certificate of appealability pursuant to 28 U.S.C. § 2253(c) will issue.  Should the defendant wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit.  See *Tiedman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997)*.

Accordingly,

IT IS HEREBY ORDERED that:

1. The defendant's motion to vacate, set aside, or correct his sentence (Filing No. 90) is denied.

2. Counsel's motion to withdraw (Filing No. 94) is granted.

3. The hearing scheduled for October 17, 2016 at 11:00 a.m. in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, NE is cancelled.

4. This action is dismissed.

5. A judgment in conformity with this Memorandum and Order will issue this date.

6. No certificate of appealability pursuant to 28 U.S.C. § 2253(c) will issue.

Dated this 5th day of July, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge